IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**SHIRA SCOTT**                                                          **PLAINTIFF**

**V.**                                               **CIVIL ACTION NO. 3:22cv69-DAS**

**KILOLO KIJAKAZI,**
**ACTING COMMISSIONER OF SOCIAL SECURITY**                  **DEFENDANT**

**MEMORANDUM OPINION AND JUDGMENT**

This cause is before the court on the plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration regarding her application for disability insurance benefits and supplemental security income. The parties have consented to the entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Fifth Circuit Court of Appeals. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard and considered oral argument, finds the decision of the Commissioner of Social Security should be reversed and the case remanded for further proceedings.

**FACTS**

The plaintiff, Shira Elizabeth Scott, filed for benefits on January 17, 2019, alleging onset of disability commencing on March 30, 2018. The Social Security Administration denied the claim initially and on reconsideration. Her insured status expired on September 30, 2020. Following the hearing, the ALJ issued an unfavorable decision on August 6, 2021. (Dkt. 13 p. 33-42). The Appeals Council denied the request for review, and this timely appeal followed.

1

The ALJ determined Scott had the following severe impairments: bipolar 1 disorder, generalized anxiety disorder, major depressive disorder, recurrent, moderate, and social phobia. The ALJ found Scott had the residual functional capacity (RFC) to perform a full range of work at all exertional levels. She can push and pull as much as she can lift and carry. She is limited to jobs requiring only simple, routine tasks. She can have frequent contact with supervisors, but only occasional interaction with coworkers and the general public. She will require close supervision defined as near in proximity and time, but no over the shoulder supervision. She can tolerate few, if any, changes in the work setting.

The ALJ found Scott cannot perform her past relevant work as a sales representative and elementary teacher. The ALJ acknowledged this case presented a borderline age situation, because the plaintiff was within a few months of attaining a higher age category and that the use of the higher age category would result in a finding of disabled, instead of 'not disabled." But he found the use of the age category was not supported because of "the limited adverse impact of all factors on the claimant's ability to adjust to other work." R. 41. Based on the testimony of the vocational expert, the ALJ found Scott could do other jobs that exist in substantial numbers in the national economy, namely, laundry worker, furniture assembler, and machine feeder, with 207,000 jobs, 101,000 jobs and 88,000 jobs respectively in the national economy. The ALJ, therefore, determined that Scott was not disabled.

## ANALYSIS

The plaintiff asserts three errors. She argues the ALJ committed reversible error when he found the opinion of the examining psychologist, Pamela Buck, Ph.D., to be persuasive but neither incorporated the limits Buck found into Scott's RFC nor explained why he rejected those limitations. She also argues that the RFC is internally inconsistent in finding both that she was

limited to frequent contact with her supervisors, but that she also required close supervision. Finally, she argues that the ALJ cherry-picked the evidence, disregarding evidence supporting greater limitations in the plaintiff's interaction with others. The court does not address this third assignment, instead addressing the first two assignments in tandem. The court finds the ALJ failed to provide an adequate explanation for denying benefits.

 1.   **The Expert Opinions**

Dr. Pamela Buck performed a consultative psychological evaluation of Scott in April 2019. Buck noted her diagnosis of bipolar 1 disorder, recent depression with anxious distress, moderate, and generalized anxiety disorder. Dr. Buck found she appeared motivated to respond appropriately during the evaluation. Though Scott displayed good social and communication skills, during the evaluation, she had problems with ongoing fatigue, crying, poor motivation, and suicidal ideation when angry or stressed. Buck found Scott was easily upset and that she "seems unable to respond appropriately to coworkers and supervisors in a work environment consistently." R. 39. Buck also found Scott was unable to manage her finances without supervision but could perform routine, repetitive tasks and her prognosis was guarded.

The ALJ granted persuasive value to Dr. Buck's opinion, finding her opinions consistent with the preponderance of the evidence. He found that while her contact with supervisors and coworkers should be limited, Scott would be able to perform routine repetitive tasks. R. 39.

The only other mental capacity opinions in the record are those of the state agency psychological consultants(SAMCs), David Powers, Ph.D., and Cherilyn Hebert, M.D. Powers determined the plaintiff's depression, bipolar, and related conditions were severe. He found she had mild limitations in understanding, remembering, and applying information, moderate limitations in interacting with others, moderate limitations in persisting or maintaining pace, and

moderate limitations in adapting or managing herself. Hebert affirmed Powers' findings. The ALJ explained "the undersigned grants some persuasive value to the state agencies' determination, as their determinations are somewhat consistent with the preponderance of the evidence. However additional evidence was received at the hearing level." R. 40.

## 2. Adequacy of Explanation

Under current regulations, ALJs must determine the persuasiveness of experts' opinions using five factors: 1) supportability; 2) consistency; 3) the source's relationship with the patient; 4) the source's specialty; and 5) a catchall provision for "other factors that tend to support or contradict" the opinion. 20 C.F.R. § 404.1520c(b)(2). But the regulations simplify drafting decisions by requiring discussion of only the first two factors: the supportability and consistency of the expert opinions with the record. *Id.*

The ALJ's persuasiveness findings "must provide the appellate court with sufficient information to conduct a meaningful appellate review of the decision-making process. The courts must be able to read the decision and know what evidence the ALJ considered and understand why the ALJ reached a given result." *Clay v. Kijakazi*, No. 4:21cv169-DAS, 2022 WL 1389015, *3 (N.D. Miss. Oct. 21, 2022). The Social Security Administration is also under a statutory mandate to explain its decisions. Whenever the agency reaches a decision that is unfavorable to a claimant in whole or in part, the decision must "contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons." 42 U.S.C. § 405(b)(1). The "ALJ does not need to comment on every piece of evidence, but only must build an accurate and logical bridge between the evidence and the final determination." *Price v. Astrue*, 401 F. Appx. 985, 986 (5th Cir. 2010).

4

In the present case, the ALJ found Dr. Buck's report persuasive and found Scott could interact with co-workers on an occasional basis or up to one-third of the day. He does not point to any evidence to support his conclusion that Scott, though not able to *consistently* interact appropriately with others, could nevertheless handle this level of interaction with co-workers. But even assuming this level of interaction is consistent with Buck's opinion, the ALJ then proceeded to distinguish between supervisors and co-workers, finding Scott could *frequently* interact with supervisors. Nothing in Buck's report suggests Scott could tolerate greater interaction with supervisors than with co-workers or the general public. Consequently, it appears the ALJ's finding as to supervisor contact is in conflict with Buck's opinion. The ALJ also found that Scott would need supervision, close in time and proximity from her supervisors but provides no explanation as to why he thought this and points to no evidence to square this level of supervisor interaction with the opinions given by Buck.

It is also significant that the SAMC opinions do not contradict Buck's opinion about Scott's interaction limitation, instead finding generally that she was moderately limited in that area. Because Buck's opinions were neither peripheral to the issue of disability nor simply cumulative, the error was not harmless. *Cooley v. Comm'r of Soc. Sec*. No. 2:20-cv-46, 2021 WL 4221620, * 8 (S.D. Miss. Sept. 15, 2021; *see also, Moore v. Saul*, 2021 WL 754833, at *2-3(S. D. Miss. Feb. 26, 2021.)[1]

---

[1] A treating physician found that Moore was limited to lifting five pounds based on back pain and needing to carry a cane. The court found the ALJ adequately explained why he found Moore did not need a cane but gave no explanation for rejecting the lifting limit. The court rejected the Commissioner's argument that pointed to evidence suggesting Moore could lift more than five pounds. "But the ALJ never said that and never 'explained' supportability or consistency as to the lifting opinion." *Id.* at *3. The omission was material given the disparity between the lifting limits and the requirements for medium work assessed as Moore's RFC.

It is true the ALJ need not mirror every element of Buck's opinion in the RFC, even if found to be persuasive, nor necessarily have any medical opinion expressly supporting each element of an RFC. The ALJ may not play doctor, however, and here, the ALJ found an opinion persuasive but provided no explanation for rejecting a critical element of the opinion.

While the Commissioner has argued harmless error, the court cannot affirm the decision based on post hoc arguments to support the decision for reasons not stated in the decision. *Newton v. Apfel*, 209 F.3d. 448, 455 (5th Cir. 2000) (holding agency's decision must "stand or fall on the reasons set forth in the ALJ's decision as adopted by the Appeals Council") While there may be substantial evidence with which the required accurate and logical bridge between the evidence and the decision could be constructed, because the court is unable to conduct meaningful appellate review, the decision must be remanded.

**IT IS ORDERED** that the decision of the Commissioner is remanded for further proceedings.

**SO ORDERED AND ADJUDGED** this the 10th day of March, 2023.

/s/ David A. Sanders
**U.S. MAGISTRATE JUDGE**